**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**CRYSTAL CLEAR CLEANING, LLC**                                                       **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO.** 1:23cv76 TBM-RPM

**HUNT MILITARY COMMUNITIES**                                           **DEFENDANT**
**MGMT, LLC**

**NOTICE OF REMOVAL**

**TO:**    **THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE**
           **SOUTHERN DISTRICT OF MISSISSIPPI, SOUTHERN DIVISION**

           Honorable Connie Ladner
           Clerk, Harrison County Circuit Court
           1801 23rd Avenue
           Gulfport, Mississippi 39501
           *HARRISON COUNTY CIRCUIT CLERK*

           William Alex Brady, II
           600 East Railroad Street
           Long Beach, Mississippi 39560
           *COUNSEL FOR PLAINTIFFS*

           Defendant Hunt Military Communities Mgmt., LLC ("Defendant") hereby removes to this

Honorable Court a civil lawsuit filed in the Circuit Court of Harrison County, Mississippi, Second

Judicial District, Cause No. A240223-2TCLS, pursuant to 28 U.S.C. §§ 1332, 1441(a), 1442, and

1446. Removal is proper under 28 U.S.C. § 1332 because there is complete diversity between

Plaintiffs and Defendants and the true amount in controversy exceeds $75,000. Removal is proper

under 28 U.S.C. § 1441(a) because the claims underlying this action occurred on a federal enclave,

and, as such, present a federal question. Removal is proper under 28 U.S.C. § 1442(a)(1) because

Defendant acted as an agent of the United States and/or is a person acting under a federal office.

20937370.1

Defendant, subject to all its defenses, including Defendant's Rule 12 defenses, hereby removes this case and gives notice of the removal of this action from the Circuit Court of Harrison County, Mississippi, Second Judicial District to the United States District Court for the Southern District of Mississippi, Southern Division. As grounds for this removal, Defendant states as follows:

## I.    STATE COURT PROCEEDINGS

1.    On or about February 8, 2023, Plaintiff Crystal Clear Cleaning, LLC ("Plaintiff") filed a Complaint against Defendant in the Circuit Court of Harrison County, Mississippi, Second Judicial District. The Complaint alleges the following causes of action: (1) Breach of Contract and Detrimental Reliance; (2) Equitable Estoppel; (3) Negligent Misrepresentation; (4) Breach of the Duty of Good Faith and Fair Dealing.

2.    Defendant was served on February 17, 2023. Attached as Ex. A is a copy of the Complaint and Summons served upon Defendant.

3.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

4.    Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal, and a copy of this Notice of Removal, as well as a Notice of Filings of Notice of Removal, which is being filed with the Clerk of the Circuit Court of Harrison County, Mississippi, Second Judicial District.

5.    Attached hereto as collective Exhibit B is a copy of all the documents that appeared in the state court records as of March 17, 2023.

## II.    VENUE

6.    Venue lies in the United States District Court for the Southern District of Mississippi, Southern Division pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because this action

20937370.1

was originally brought in the Circuit Court of Harrison County, Mississippi, Second Judicial District.

### III.    GROUNDS FOR REMOVAL

7.    This action is removable to this Court on three grounds: (1) pursuant to 28 U.S.C. § 1332 because the parties are diverse; (2) pursuant to 28 U.S.C. § 1331 because the claims alleged arose on a federal enclave, such that they present a federal question over which this Court has original jurisdiction; and (3) under 28 U.S.C. § 1442(a)(1) because, at all relevant times, Defendants acted as agents of the United States and/or are persons acting under a federal office.

### A. Diversity Jurisdiction is Proper

8.    Plaintiff Crystal Clear Cleaning, LLC is a Mississippi limited liability company with its principal place of business located in the First Judicial District of Harrison County, Mississippi. *See* Compl. at 1. Upon information and belief, Plaintiff's sole member is Rebecca Chadwick, who is an individual resident of the state of Mississippi.

9.    Defendant Hunt Military Communities Mgmt., LLC is a Texas limited liability company whose sole member is HBC Property Managers, LLC. HBC Property Managers, LLC is a Texas limited liability company whose sole member is Hunt ELP, Ltd. Hunt ELP, Ltd. is a Texas limited partnership comprised of three members: HB GP, LLC, Hunt Company, LLC, and James C. Hunt. Mr. James C. Hunt is a citizen of Texas. HB GP, LLC is a Nevada limited liability company comprised of two members: W.L. Hunt and M.L. Hunt. Both Messrs. W.L. Hunt and M.L. Hunt are citizens of Texas. Hunt Company, LLC is a Nevada limited liability company whose sole member is Hunt Companies, Inc. Hunt Companies, Inc. is a Delaware corporation with its principal place of business in Texas.

20937370.1

10.     Accordingly, there is complete diversity between Plaintiff and Defendant, and this action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

11.     The amount in controversy exceeds $75,000. While the Complaint states that Plaintiff seeks less than $75,000 in recovery from Defendant, that is belied by Plaintiff's July 14, 2022 demand for $550,000. *See* July 14, 2022 Demand Letter at 2, attached hereto as Ex. C; Defendant's Response to Demand Letter, attached hereto as Ex. D.

12.     28 U.S.C. § 1446(c)(2) states that the true amount in controversy may be different than the amount demanded in the initial pleading where (1) the complaint demands a money judgment, (2) the State practice permits recovery of damages in excess of the amount demanded, and (3) the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A) and (B)

13.     The Complaint demands a money judgment. Compl. at 7.

14.     Mississippi law permits recovery of damages in excess of the amount demanded in the complaint. *See, e.g., Williams v. Carriere*, 324 So.3d 354, 362-63 (Miss. Ct. App. 2021) (upholding jury award in contract claim for $40,432.83 despite the complaint demanding only $17,500).

15.     Courts in the Fifth Circuit and the Southern District of Mississippi regularly consider demand and settlement letters as evidence of the amount in controversy. *Wilson v. Berlin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper."); *Carter v. Welsh*, 2022 WL 4242524, at *2 (S.D. Miss. Aug. 22, 2022) (holding that a pre-suit demand in excess of one million dollars defeated an affidavit by the plaintiff stating that she was "not seeking damages that exceed $74,500."); *Maddox v. Walgreen, Co.*, 2005

WL 8171695, *3 (S.D. Miss. Aug. 26, 2005) (holding that plaintiff's pre-suit demand letter "that contains a reasonable estimate of the value of the plaintiff's claims" is evidence of amount in controversy).

16.     Because the Complaint demands a money judgment, Mississippi law does not restrict a judgment to the amount demanded in the complaint, and because there is evidence that the amount in controversy actually exceeds $75,000 (*See* Ex. C at 2), this Court should find that the amount in controversy is more than $75,000 and there is diversity jurisdiction pursuant to 28 U.S.C. §§ 1332.

### B. Federal Question Jurisdiction is Proper

17.     Keesler Air Force Base ("Keesler") is a federal enclave which is governed by federal, rather than Mississippi, law. Plaintiff's Complaint alleges that a contract existed that was to be performed, in whole, on Keesler and all actions alleged to have been taken by Defendant would have occurred on this federal enclave. Compl. at 2, ¶ 3.

18.     Article I, section 8, clause 17 of the United States Constitution (the "Enclave Clause") provides, in relevant part, that "Congress shall have the power . . . to exercise exclusive Legislation . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."

19.     The United States acquired exclusive jurisdiction over the lands composing Keesler under the terms of § 1, 84 Stat. 835, 40 U.S.C. § 255, 2 in a series of letters between the Governor of Mississippi and the Secretary of War. On January 9, 1945, Secretary of War Stimson wrote Governor Bailey acknowledging the acquisition of exclusive jurisdiction.

20.     Indeed, both the United States Supreme Court and the District Court for the Southern District of Mississippi have acknowledged Keesler is a federal enclave.  "The District Court acknowledged that Keesler Air Force Base . . . '[is] to Mississippi as the territory of one of her sister states or a foreign land. [It] constitute[s] [a] federal island[] which no longer constitute[s] any part of Mississippi nor function under its control.'"  *U.S. v. State Tax Com'n of Miss.*, 412 U.S. 363, 376 (1973) (*quoting U.S. v. State Tax Com'n of Miss.*, 340 F.Supp. 903, 906 (S.D. Miss. 1972)).

21.     In *Morgan v. Rankin*, the Fifth Circuit, in upholding the denial of a motion for remand, held that where "all of the events at issue occurred on Fort Bliss, the causes of action arose on a federal enclave. Thus, the district court properly found that it had subject matter jurisdiction over the action." 436 F.App'x 365, 365 (5th Cir. 2011) (citing *Mater v. Holley*, 200 F.2d 123, 124-25 (5th Cir. 1952)).

22.     In *Norair Engineering Corp. v. URS Federal Services, Inc.*, the district court denied a motion for remand in a contract case removed based on 28 U.S.C § 1331 because the work done pursuant to that contract took place on a federal enclave. 2016 WL 7228861, at *2-3 (D. Md. Dec. 14, 2016).

23.     Just as in *Morgan* and *Norair*, all relevant allegations of the Complaint occurred on Keesler, a federal enclave which is within the exclusive jurisdiction of the United States. Therefore subject matter jurisdiction pursuant to 28 U.S.C § 1331 is proper.

### C. Removal is Proper under 28 U.S.C. § 1442(a)(1)

24.     The Federal Officer Removal Statute authorizes removal of a civil action against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to

any act under color of such office…" 28 U.S.C. § 1442(a)(1). The Supreme Court has been clear

that "[t]he words 'acting under' are broad and . . . must be 'liberally construed.'" *Watson v. Phillip*

*Morris Cos.*, 551 U.S. 142, 147(2007)

25.     To successfully remove a state lawsuit under the Federal Officer Removal statute,

a defendant must meet each of four elements: (1) that the defendant is a person; (2) that the federal

government or federal officer directed the defendant to take action; (3) that the action was the

causal nexus of the plaintiff's claim; and (4) that a colorable federal defense exists to the claim.

*Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989). Defendant meets each of these

elements.

26.     Corporate entities are "persons" under 28 U.S.C. § 1442(a)(1). *See* 1 U.S.C. § 1;

*Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998). Therefore,

Defendant is a "person" within the meaning of the statute. The Supreme Court has long recognized

that the Federal Officer Removal Statute applies to private persons and corporate entities "'who

lawfully assist' the federal officer 'in performance of his official duty.'" *Watson*, 551 U.S. at 147

(2007) (*quoting Davis v. South Carolina*, 107 U.S. 597, 600(1883)).

27.     In 1996 Congress enacted the MHPI as part of the National Defense Authorization

Act for Fiscal Year 1996 giving the Department of Defense certain authorities aimed at increasing

and improving housing for military service members and their families. The National Defense

Authorization Act for Fiscal Year 1996, 10 U.S.C. § 2801(a)(1), Pub. L. 104-106, 110 Stat. 187

(February 1996), amended chapter 169 of title 10, United States Code, to add a new subchapter

entitled Alternative Authority to Construct and Improve Military Housing (codified as amended at

10 U.S.C.A. §§ 2871-2885 (West 2001)).   The MHPI encouraged privately-funded development

of military housing to provide the necessary housing faster and more efficiently than traditional

20937370.1

military construction procedures would otherwise allow. *Id.* The various branches of the military were permitted to enter into joint public-private ventures with the private business sector through a competitive bidding process. *Id.* The government retains fee simple ownership over the land, and a joint venture between the government and a private sector business becomes the lessee under a 50-year lease with the government to own, maintain, and operate military housing on the federally-owned land. *Id.*

28.    In this case, Defendant is one of several entities formed for the purpose of owning, maintaining, and operating military housing on Keesler, pursuant agreements between Defendant (by and through related entities) and the United States Air Force. Thus, the federal government has directed Defendant to take all relevant actions, including contracting with vendors for the maintenance of Keesler's housing and common areas – the subject of Plaintiff's allegations. Compl. at 2, ¶ 3; Ex. C; Ex. D.

29.    In establishing that the action directed is the "causal nexis of plaintiff's claim," the Fifth Circuit has held that it is "sufficient for [Defendant] to have shown that their relationship to [Plaintiff] derived solely from their official duties." *Texas v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017). Here, Defendant's sole reason for interacting with Plaintiff, to the extent that it did, would have been execution of its duties pursuant to its role as a government contractor.

30.    There exists a federal question because Plaintiff's right to recover depends, among other things, on the resolution of a substantial issue of the federal law of derivative sovereign immunity. *See Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). In *Gutierrez de Martinez v. Lamagno*, the Supreme Court posited that "whether an employee was acting within the scope of his federal employment [was] a significant federal question." 515 U.S. 417, 435 (1995). Whether Defendants are imbued with the U.S. Air Force's sovereign immunity

when it operates military family housing on behalf of, and within the scope of a real estate public-private venture with, the U.S. Air Force is a significant federal question.

31.    If "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" – such as derivative sovereign immunity in this case – federal question jurisdiction may nevertheless attach to state-law claims even if a federal question does not appear on the face of the complaint.  *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d at 1314; *see also Jones v. Freeman*, 400 F.2d 383, 387 (8th Cir. 1968) (finding that federal question jurisdiction existed based on the facts of the case, "although [the facts were] not [pled] artfully").

32.    The United States, as a sovereign, is immune from suit unless it has waived immunity.  *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). Derivative sovereign immunity precludes liability for contractors performing work pursuant to a government contract. *See Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18, 20 (1940) ("[I]f this authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will."); *Myers v. United States*, 323 F.2d 580, 583 (9th Cir. 1963) ("To the extent that the work performed by McLaughlin, Inc., was done under its contract with the Bureau of Public Lands, and in conformity with the terms of said contract, no liability can be imposed upon it for any damages claimed to have been suffered by the appellants.").

33.    The United States, and by extension Defendant, has not waived its immunity under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, because the FTCA's fraud and discretionary function exceptions are applicable here.  *See* 28 U.S.C. §§ 2680(a), (h). Where a plaintiff allegedly was misled by a statement and the plaintiff only suffered an alleged injury because of reliance on the erroneous statement, the fraud exception to the FTCA bars the claim.

*See O'Ferrell v. United States*, 968 F.Supp. 1519, 1540 (M.D. Ala. 1997)(*aff'd*, 253 F.3d 1257 (11th Cir. 2001)).  The United States delegated to the Defendants the operation of military housing at Keesler Air Force Base, a discretionary government function for purposes of the FTCA.  *See* Military Housing Privatization Initiative, 10 U.S.C. § 2801, Pub. L. 104-106, 100 Stat. 187 (1996); *see also Angle v. U.S.*, 931 F.Supp. 1386, 1396-97 (W.D. Mich. 1994) *aff'd sub nom. Angle v. U.S.* 89 F.3d 832 (6th Cir. 1996) ("[W]hether or not to undertake efforts to identify or remediate the [lead paint] hazard [at Air Force housing], or to warn residents about it, was a decision implicating the type of policy considerations" that fell under the FTCA's discretionary function exception.).

34.     When considering whether a corporation was primarily acting as an instrumentality or agency of the United States for purposes of the FTCA, courts evaluate the following factors: "(1) the federal government's ownership interest in the entity; (2) federal government control over the entity's activities; (3) the entity's structure; (4) government involvement in the entity's finances; and (5) the entity's function or mission." *Mendrala v. Crown Mortgage Co.*, 955 F.2d 1132, 1136 (7th Cir. 1992). Here, the United States, by and through the Secretary of the Air Force, retains control over Defendant's activities through a ground lease and approves Defendant's operations and maintenance plans pertaining to the rental units, including procedures for contracting with third party venders.  See 10 U.S.C. § 2285 (requiring oversight and accountability measures for military housing privatization projects). Under the public-private venture structure authorized by Congress, the U.S. Air Force retains ownership of the land, Defendant owns and operates housing during the term of the ground lease, after which time the housing reverts back to the Air Force.  The Air Force is involved in Defendant's finances as Defendant's revenues derive from the Air Force's Basic Allowance for Housing payments. *See* 10 U.S.C. § 2883a. Under the fifth factor, providing housing to military personnel and their families directly contributes to

20937370.1

national security and other military functions, and Congress created the military housing privatization initiative to improve the quality of housing for military families. *See Angle*, 931 F.Supp. at 1396-97; 10 U.S.C. § 2801.

35.     The Court need not decide whether derivative sovereign immunity applies at this juncture in order to assume jurisdiction. Rather, where "jurisdictional issues are intertwined with the substantive merits, the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other." *Simanonok v. Simanonok*, 787 F.2d 1517, 1520 (11th Cir. 1986) (quoting *Eaton v. Dorchester Development*, 692 F.2d 727, 733 (11th Cir. 1982)). When a sufficient record exists following discovery for the Court to determine whether derivative sovereign immunity applies, the Court then can decide whether it retains jurisdiction under 28 U.S.C. § 1331. *See Simanonok*, 787 F.2d at 1520.

## VI.     CONCLUSION

36.     By removing this action to this Court, Defendant does not waive any defenses, objections or motions available under state or federal law. Nothing in this Notice or Removal shall be interpreted as a waiver, estoppel, preclusion or relinquishment of Defendant's ability or right to assert any claim, counterclaim, cross-claim, third party claim, defense or affirmative matter, including, but not limited to: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party(ies); (8) standing; (9) waiver; (10) failure to exhaust administrative remedies; or (11) any other pertinent claim or dense available under any states or federal statute or Rule or otherwise.

WHEREFORE, Defendants pray that the above-entitled action be removed from the Circuit Court of Harrison County, Mississippi, Second Judicial District to the United States District Court for the Southern District of Mississippi, Southern Division.

This the 20th day of March, 2023.

s/ Matthew G. Warren
Walter H. Boone, MSB#8651
Jennifer J. Skipper, MSB#100808
Matthew G. Warren, MSB#106349
BALCH & BINGHAM LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
Email:  wboone@balch.com
         jskipper@balch.com
         mgwarren@balch.com


***Attorneys for Hunt Military Communities Mgmt., LLC***

20937370.1

## CERTIFICATE OF SERVICE

I, Matthew G. Warren, one of the attorneys for Hunt Military Communities Mgmt., LLC, do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading to Plaintiffs' counsel of record by electronic mail and/or United States Mail, postage prepaid to all other known counsel of record:

William Alex Brady, II
600 East Railroad Street
Long Beach, Mississippi 39560
***COUNSEL FOR PLAINTIFFS***

This, the 20th day of March, 2023.

s/ Matthew G. Warren
Matthew G. Warren

20937370.1